DIXON OWEN v. THE STATE.

THEFT—VOLUNTARY RETURN OF PROPERTY STOLEN.—The return of stolen property upon threat of prosecution is not a voluntary return such as to reduce the punishment.

APPEAL from Red River. Tried below before the Hon. James Q. Chenoweth, Judge of the Criminal Court of Clarksville.

Owens was convicted of theft of a saddle of the value of ten dollars, and the punishment fixed at one day's imprisonment and a fine of forty dollars.

The owner of the saddle testified to leaving his saddle one night in a field where he had staked out his horse; next morning the saddle was missing; inquiry for it was made of several, and among others of defendant; he denied knowing anything of it. Two or three days afterwards witness met defendant, who accused witness of breaking into his

house; drew his pistol and said "he reckoned I was hunting for my damned old saddle," and said, "yes, I have got the damned old saddle, and I'll take it out before you to-morrow, and if you get it you'll have to shoot me out of it." Witness went to town to prosecute defendant, and while there the saddle was sent home. Witness told defendant he would report him.

*Clark & Todd,* for appellant.

*A. J. Peeler, Assistant Attorney General,* for the State.

IRELAND, ASSOCIATE JUSTICE.—It is insisted that because the property was returned by the defendant he ought not to be imprisoned, and that the act of returning shows that defendant did not intend to deprive the owner of the saddle. He was charged with taking the saddle and denied it. He afterwards accosted the prosecutor in a threatening manner, stating that he had taken it, and that he could not get it unless he shot him out of it. The prosecutor then told him that he intended to prosecute him, and the next day defendant sent the saddle home. We cannot regard this as a voluntary return of the property under the statute, or as disproving the legal presumption arising from the taking in the manner it was done in this case, that he intended to deprive the owner of the saddle. There is no error in the judgment and it is affirmed.

AFFIRMED.